**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DONNA J. WATSON,                    :
                                   :
            Plaintiff,             :
                                   :
    VS.                            :
                                   :     7 : 11-CV-90 (HL)
                                   :
MICHAEL J. ASTRUE,                 :
Commissioner of Social Security,   :
                                   :
            Defendant.             :
_____

## RECOMMENDATION

The Plaintiff filed this Social Security appeal on June 30, 2011, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that

the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.   20 C.F.R. ▪ 404.1520.   In Step One, the Commissioner determines whether the claimant is working.   In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.   At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.   At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.   Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## Administrative Proceedings

The Plaintiff filed applications for disability and Supplemental Security income benefits on April 14, 2008.   (T – 78, 79).   Her claims were denied initially and upon reconsideration.   (T – 78-81).   A hearing was held before an ALJ on June 1, 2010.   (T – 48-77).   In a decision dated June 25, 2010, the ALJ determined that the plaintiff was not disabled.   (T – 17-47).   The Appeals Council denied Plaintiff's request for review, making the June 2010 decision the final decision of the Commissioner.   (T- 1-6).

## Statement of Facts and Evidence

The Plaintiff was 40 years of age at the time of the ALJ's hearing on her claim.   (T - 78).

She has a ninth grade education and past relevant work experience as a certified nursing assistant, machine operator, production worker, cashier, and clerk.   Plaintiff asserts that she became unable to work as of April 17, 2008 due to frequent headaches, neck pain, lower back pain, and pain and stiffness in her hands.   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of fibromyalgia, degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, and left ulnar neuropathy.   (T - 23).   In her June 2010 decision, the ALJ found that the Plaintiff had the residual functional capacity to perform a limited range of medium work and could return to her past relevant work as a cashier, clerk, certified nursing assistant, housekeeper, and fork lift and machine operator.   (T – 39).   Alternatively, after receiving vocational expert testimony, the ALJ determined that there were jobs that existed in significant numbers in the national economy which the Plaintiff could perform, and she was thus not disabled.   (T – 40).

## DISCUSSION

### Consideration of all impairments

Plaintiff asserts initially that the ALJ erred in failing to consider her somatization disorder as a separate impairment.   Such a disorder is defined as "a somatoform disorder characterized by multiple and recurring physical complaints for which the patient has sought medical treatment over several years without any organic or physiological basis for the symptoms being found." *Merriam-Webster Dictionary*, http://www.merriam-webster.com (last visited July 17, 2012); *see also The Merck Manual,* http://merckmanuals.com (last visited July 17, 2012).   Plaintiff asserts that physicians and treatment notes pointed to a diagnosis of somatization disorder, and that the ALJ's failure to find that Plaintiff suffered from a separate severe impairment in the form of this disorder was error.

Although the ALJ noted the presence of a diagnosis for somatization disorder in the

3

Plaintiff's medical records, he did not consider this disorder as a separate impairment. (T – 23-24, 33, 36).   As argued by the Commissioner, the Plaintiff has not pointed to any functional limitations resulting from this disorder, and Plaintiff has not satisfied her burden of establishing that her somatization disorder qualifies as a severe impairment in that it limits her ability to perform work activity.   In *McCruter v. Bowen*, 791 F.2d 1544 (11th Cir. 1986), the Eleventh Circuit clarified that "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."   *Id.* at 1547.   As noted by the Commissioner, the record does not contain work-related restrictions resulting from the asserted somatization disorder. Moreover, the ALJ did consider and find certain impairments to be severe under Step 2 of the sequential evaluation process, and thereby satisfied the requirements for a severity finding. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

### New evidence

In asserting that the ALJ's decision herein is not supported by substantial evidence, the Plaintiff relies in part on evidence first submitted to the Appeals Council.   Specifically, Plaintiff asserts that the Appeals Council erred in failing to properly consider new evidence from Dr. Akosa dated and submitted to the Appeals Council after the ALJ issued his final decision in June 2010. (T –2, 4).   The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record.   20 C.F.R. § 404.970(b).   The new evidence must relate to the relevant period under consideration by the ALJ.   *Id.*   Herein, the Appeals Council reviewed the evidence from Dr. Akosa dated September 2010, but ultimately found that the evidence did not provide a basis for changing the ALJ's decision.   (T – 1-2, 4).

4

In *Ingram v. Comm'r. of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit discussed the review of new evidence submitted to the Appeals Council, and found that "a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)." *Id.* at 1265 (*citing Keeton v. Dep't. of Health & Human Services*, 21 F.3d 1064 (11th Cir. 1994)).   Herein, the Plaintiff challenges the Appeals Council's alleged failure to properly consider and remand this matter based on the new evidence.

The decision of the Appeals Council makes clear that the Council did consider the new evidence and specifically found that it did not support a remand of this matter to the ALJ.   The evidence does not appear to be material to any change in the ALJ's decision, as it is merely a restatement of evidence and reiteration of Dr. Akosa's conclusions regarding Plaintiff's conditions which had already been considered by the ALJ.   Accordingly, the Appeals Council properly determined that the new evidence was not contrary to the ALJ's decision and declined to remand this matter based on this new evidence. *See Hoffman v. Astrue*, 259 Fed.Appx. 213, 218 (11th Cir. 2007) (Appeals Council properly considered new evidence and determined it would not change the ALJ's decision, especially considering the opinion was based on evidence already before the ALJ).

### *Treating physician's opinions*

The Plaintiff also argues that the ALJ improperly discounted the opinions of her treating physician Dr. Posas, who opined in November 2009 that Plaintiff could only lift and carry less than 10 pounds, was limited in reaching in all directions, pushing and pulling, could never climb or balance, and could only occasionally crouch, stoop, and crawl.   Pursuant to 20 C.F.R. " 404.1527(e)(2), the Commissioner will Aconsider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved

5

to the Commissioner.@  AA statement by a medical source that you are >disabled= or >unable to work= does not mean that we will determine that you are disabled.@  20 C.F.R. ▪ 404.1527(e)(1).   Good cause to discount the opinion of a physician has been found to exist Awhere the doctor=s opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.   We have also found good cause where the doctors= opinions were conclusory or inconsistent with their own medical records.@  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).   As the *Lewis* court noted, A[w]e are concerned here with the doctors= evaluations of [the plaintiff=s] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition.@ *Id.*

In an assessment issued in November 2009, Dr. Posas stated that the Plaintiff was limited to occasionally lifting or carrying less than 10 pounds, was limited in pushing and/or pulling with her upper extremities, and would need to rest, recline or lie down several times per day.   (T – 757-60).  Dr. Posas also opined that the Plaintiff could stand or walk at least two (2) hours per day and was not limited in how long she could sit during a work day.   *Id.*   In regard to this opinion of treating physician Dr. Posas, the ALJ:

> [gave] little weight to the opinion referenced above that was expressed by Dr. Posas in November 2009.   Dr. Posas opined that the claimant could only lift less than 10 pounds occasionally.   He further opined that standing and walking was not affected by the claimant's impairment, but noted that she could stand and/or walk at least 2 hours in an 8 hour workday.   No medically required hand-held assistive device was noted to be necessary for ambulation.   Sitting was not affected by the claimant's impairment, but he opined that the claimant would be limited in pushing or puling [sic] with the upper extremities [due] to cervical spondylosis.   He opined a number of postural limitations, that the claimant would need to rest, recline or lie down several times a day, and that her medications would interfere with her ability to do work, but did not state how or why.
>
> The opinions expressed by Dr. Posas have been given little weight

because they are conclusory, and provide very little explanation of the evidence relied on in forming the opinion.   Moreover, the course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor has reported.   The combination of conclusory statements and inconsistency of those statements with his conservative course of treatment renders his opinion of little value.   Further, the doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive.   Dr. Posas is the lone physician in a pool of at least 6 other qualified specialists with a long term treating relationship with this claimant who has placed any restrictions upon her.   The fact that Dr. Posas' opinion is not shared by these other physicians also renders it less persuasive.

(T – 38-39).

The Plaintiff argues that Dr. Posas's November 2009 limitations were entitled to great weight and that the ALJ erred in discounting and rejecting Dr. Posas's opinions.   A review of the opinions issued by Dr. Posas, his treatment notes and the ALJ's decision herein reveals that the ALJ's decision to discount Dr. Posas's opinion to the extent that it dictated a finding of disability is supported by substantial evidence.   The ALJ properly considered Dr. Posas's statements and assessments, as evidenced by the ALJ's decision, although the ALJ assigned little weight to Dr. Posas's November 2009 assessment.   The ALJ specifically noted Dr. Posas provided little explanation of the evidence supporting his conclusions, and did not offer more than conservative treatment to the Plaintiff.

As the Commissioner points out, Dr. Posas's treatment notes do not support his conclusions regarding the severe limitations Dr. Posas issued regarding Plaintiff's level of functioning.   Dr. Posas's treatment notes reflect treatment primarily for Plaintiff's headaches, and show that Plaintiff was released to full duty from the Hughston Clinic after treatment for a back condition.   (T – 761-95, 866-70).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial

evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of ■ 405(g).   Pursuant to 28 U.S.C. ■ 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

      **SO RECOMMENDED**, this 8th day of August, 2012.

                         s/   *THOMAS Q. LANGSTAFF*

                         **UNITED STATES MAGISTRATE JUDGE**

asb