IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DONNA J. WATSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,

    Defendant.

Civil Action No. 7:11-CV-90 (HL)

ORDER

The Recommendation (Doc. 17) of United States Magistrate Judge Thomas Q. Langstaff is before the Court. Judge Langstaff recommends that the Commissioner's decision be affirmed pursuant to Sentence Four of § 405(g).

Plaintiff has filed objections to the Recommendation. Plaintiff argues that the ALJ improperly discounted the opinion of her treating physician, Dr. Posas. Plaintiff also argues that the Appeals Council should have granted her request for review of the ALJ's decision based on new evidence from Dr. Akosa.

First, as to Dr. Posas, the Court agrees that the ALJ's decision to discount Dr. Posas's opinion is supported by substantial evidence.

As for Dr. Akosa, the Court finds that the Appeals Council did not err in denying review following the submission of the additional evidence from Dr. Akosa. When the Appeals Council considers new evidence but denies review, and a claimant challenges that denial, the district court must determine whether the new evidence renders the denial of benefits erroneous. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1266-67 (11th Cir. 2007); Coleman

v. Comm'r of Soc. Sec., 454 F.App'x 751, 754 (11th Cir. 2011) ("The Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous.")

In its notice denying Plaintiff's request for review, the Appeals Council specifically stated that it considered the additional evidence submitted, which included Dr. Akosa's opinion with regard to Plaintiff's ability to do work-related activities and his psychiatric review form, and "found no reason under our rules to review the Administrative Law Judge's decision." (Doc. 10-2, p. 2). It is important to note that the Appeals Council was not required to give any greater or additional explanation. Mansfield v. Astrue, 395 F.App'x 528, 530 (11th Cir. 2010).

In any event, the Court finds that the new evidence does not show the ALJ's decision to be erroneous. The work-related-activities functionality assessment was completed on September 29, 2010, which was three months after the ALJ's decision. The assessment does not specifically state that it relates to the relevant period at issue. Such an evaluation after the fact seems to bear little relevance to whether the ALJ's decision was correct. Further, the evaluation provides no support for Dr. Akosa's findings that Plaintiff had marked limitations in her work-related mental functioning. The form specifically asks in several places for the doctor to list the "medical/clinical findings [that] support this assessment[.]" (Doc. 11-5, pp. 26-27). All of these places are blank. In addition, the evaluation was not accompanied by any evidence of a recent examination of

Plaintiff by Dr. Akosa. The last progress note from Dr. Akosa in the record is dated June 15, 2010 and involved a 15-minute visit where none of the later-found limitations are noted. (Doc. 11-5, pp. 28-29).

The psychiatric review form also completed by Dr. Akosa on September 29, 2010 suffers from some of the same shortcomings. While the findings purport to relate to the relevant time period, they are utterly devoid of any support. The form provides space for the doctor to list "[p]ertinent symptoms, signs, and laboratory findings that substantiate the presence of this impairment," and also provides an entire page for the doctor to provide notes about his findings, but the form contains nothing more than a series of checkmarks on various pages. (Doc. 11-5, pp. 30-42). And again, there is no evidence of a recent examination of Plaintiff by Dr. Akosa.

In the Court's opinion, the additional evidence from Dr. Akosa would have been given little or no weight by the ALJ. Accordingly, the Appeals Council correctly denied Plaintiff's request for review.

Plaintiff's objections are overruled. The Court accepts and adopts the Recommendation. The Commissioner's decision is affirmed pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this the 5th day of September, 2012.

        */s/ Hugh Lawson*
        **HUGH LAWSON, SENIOR JUDGE**

mbh